OPINION
Intervenors-appellants Carl M. Adelman and Bessie Adelman appeal the Judgment Entry of the Stark County Court of Common Pleas, which found plaintiffs-appellees City of Canton and the Police Department of the City of Canton have a right to make an application for a zoning permit on land owned by appellants without their permission.
 STATEMENT OF THE FACTS AND CASE
In October, 1955, the Police Department of the City of Canton opened a pistol and riffle range off of Greenport Avenue, in Canton Township, Stark County, Ohio. The property, which was then-owned by Garaux Brothers, Inc., had previously been used as a strip-mine. Garaux Brothers permitted the police department to use the property for such purpose for as long as the department so desired. When the police department opened the pistol and riffle range, several buildings were located on the property for storage purposes, including a former voting booth and a pavilion.
On May 23, 1963, Garaux Brothers sold the property to Maurice Adelman and Irving Adelman. Upon his death, Irving Adelman's one-half interest in the property passed to his surviving spouse, Bessie Adelman. In 1986, Maurice Adelman conveyed his one-half interest in the property to Carl Adelman, Irving and Bessie Adelman's son.
The Warranty Deed which conveyed the land from Garaux Brothers to Maurice Adelman and Irving Adelman described the easement given to the police department as follows:
 This conveyance is made upon the condition that the Police Department of the City of Canton shall have the right and privilege to use that portion of the above described premises located south of Baum Street and east of Greenport Avenue for a rifle and pistol range so long as the Police Department of the City of Canton desires to use the same for the purposes above specified. In the event the Police Department of said city fails to use the pistol range for a period of two (2) consecutive years, then this condition shall become null and void. (Emphasis added).
This description is also contained in the Irving Adelman Certificate of Transfer and the Maurice Adelman Deed transferring the land to Carl Adelman.
In 1988, the original storage building was vandalized and set on fire. After the fire, the storage building remained in a state of disrepair for a number of years. In 1996, the Canton Police Department contracted with R.J. Monter Homes to replace the storage building at a cost of $8,335, which was paid by the City of Canton. The contract required the builder to obtain all zoning and building permits, however, the builder failed to apply for and receive zoning and building approval. In October, 1996, a cement block building was constructed.
Paul Bair, Safety Director for the City of Canton, discovered the builder's oversight and applied to the Stark County Regional Planning Commission for a waiver of the formal site plan. The Commission granted the waiver.
In 1994, Canton Township zoned the property as a rural-residential district. When Mr. Bair appeared before the Canton Township Zoning Inspector to file an application for a zoning certificate on December 9, 1996, Inspector Kelly Overcasher denied the permit. The zoning inspector based the denial on the fact a cement block building was neither allowed in a rural-residential district nor fell within a permitted use category.
The City of Canton appealed the decision to the Canton Township Zoning Board of Appeals, which denied the appeal. In its decision, the Board of Zoning Appeals stated the City's application was defective because the property owners, Carl Adelman and Bessie Adelman, did not sign the affidavit of ownership. The Board further denied the request determining "the City's easement which specifically states a certain use does not grant th [sic] City the right to perform an action (construct a building) which is not specifically stated in the right of easement to the property unless they are authorized to do so by the property owner." See, Action of the Zoning Board of Appeals,
Canton Township, December 31, 1996.
On April 16, 1997, the City of Canton and the Police Department of the City of Canton filed a Notice of Appeal pursuant to R.C. 2506.04 in the Stark County Court of Common Pleas. On May 15, 1997, the trial court granted the Adelman's intervenor status. Thereafter, a briefing schedule was adopted and followed.
Via Judgment Entry dated October 6, 1997, the trial court reversed the decision of the Canton Township Board of Zoning Appeals finding that the City had "the right to make application for the zoning permit without Adelman's permission." The trial court remanded the matter back to the Township Board of Zoning Appeals to determine if the City's zoning permit shall issue.
It is from this Judgment Entry the Adelmans appeal raising the following assignment of error:
 THE DECISION OF THE COURT OF COMMON PLEAS THAT THE CITY OF CANTON AND POLICE DEPARTMENT OF THE CITY OF CANTON HAVE THE RIGHT TO MAKE APPLICATION FOR A ZONING PERMIT TO CONSTRUCT A CEMENT BLOCK BUILDING WITH A CONCRETE FOUNDATION ON LAND OWNED BY CARL M. ADELMAN AND BESSIE ADELMAN WITHOUT FIRST OBTAINING THE PROPERTY OWNERS' PERMISSION IS NOT SUPPORTED BY THE EVIDENCE AND IS ERRONEOUS AS A MATTER OF LAW.
 I
Herein, the Adelmans contend the trial court erred as a matter of law in finding the City of Canton and the Police Department of the City of Canton have a right to make an application for a zoning permit without first obtaining the property owners' permission. The Adelmans further maintain the trial court's decision is not supported by the evidence.
We begin by noting our agreement with the trial court's characterization of the property interest acquired by the City of Canton and the Police Department as a license coupled with an interest in the land, which, in effect, is an easement. Having properly determined the interest as an easement, the trial court also properly determined the City of Canton and the Police Department have a property right and interest in the land owned by the Adelmans.
Although the Adelmans spent the majority of their brief to this Court arguing the issue of whether or not the construction of a permanent structure on the land extends the right of use granted by the easement, the sole issue before this Court is whether or not the possessory interest under the easement entitles the City and the Police Department to make an application for a zoning permit without the Adelmans' consent.
An easement is a right of interest in the land of another.Freiden v. Western Bank Trust Co. (1943), 72 Ohio App. 471,474. An easement runs with the land. Gibbons v. Ebding (1904),70 Ohio St. 298. The legal effect of an easement gives the City and the Police Department a possessory interest, which entitles them to make an application for the zoning permit without the Adelmans' consent.
We caution neither our opinion and decision nor the trial court's decision is a determination on the merits as to whether or not the City and the Police Department have a right, under the easement, to construct the structure at issue. The resolution of that issue is not before this Court. We likewise caution neither our opinion and decision nor the trial court's decision would preclude the Board of Zoning Appeals from denying the application for the permit or preclude the Adelmans from bringing an action against the City and the Police Department for injunctive relief based upon an illegal extension of the easement.
The Adelmans' sole assignment of error is overruled.
The Judgment Entry of the Stark County Court of Common Pleas is affirmed. This matter is remanded to the Canton Township Board of Zoning Appeals for proceedings to determine the issue of whether the permit shall issue.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. This matter is remanded to the Canton Board of Zoning Appeals for proceedings to determine if the permit shall be issued. Costs assessed to appellants.